**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ARMANDO FUENTES SANCHEZ,
Petitioner,

v.

MARKWAYNE MULLINS, in his official capacity as Secretary of Homeland Security, et al.,
Respondents.

Case No.: 3:26-cv-03927-RBM-BJW

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 1]**

Pending before the Court is Petitioner Armando Fuentes Sanchez's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) For the reasons set forth below, the Petition is **GRANTED IN PART**.

## I. BACKGROUND

Petitioner, a citizen of Mexico, entered the United States without inspection in or around 2002. (Doc. 1 ¶¶ 2, 20.) On June 5, 2026, Petitioner was detained by immigration authorities and has remained detained at the Otay Mesa Detention Center ever since. (*Id.* ¶¶ 2, 6.) Petitioner filed the instant Petition on July 8, 2026. (*See id.* ¶¶ 5–12, 28.) Pursuant to this Court's Order (*see* Doc. 2), Respondents filed a Response to the Petition on July 16, 2026. (Doc. 4.) Petitioner has not filed an optional reply brief as of the date of this Order.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner claims he is unlawfully detained in violation of Immigration and Nationality Act and the declaratory judgment issued in *Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). (*See* Doc. 1 ¶¶ 1–12, 27–32.) Respondents assert that Petitioner "appears to be a member of the Bond Eligible Class in *Maldonado Bautista*" and "do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." (Doc. 4 at 2.)

In light of Respondents' non-opposition, and the Court's previous orders concerning similarly situated petitioners, the Court finds that Petitioner is detained under § 1226(a). *See N.A. v. LaRose*, No. 3:25-CV-03028-RBM-DEB, 2025 WL 3512412, at *5 (S.D. Cal. Dec. 8, 2025) (finding a petitioner who was not apprehended upon arrival and resided in the United States for 17 years was subject to § 1226's discretionary detention procedures and entitled to a bond hearing). While Petitioner seeks his release (*see* Doc. 1 ¶¶ 11–12), the Court finds it appropriate to hold a bond hearing under § 1226(a) to determine the conditions of his potential release. Accordingly, the Court finds that Petitioner is entitled to a bond hearing. *See N.A.*, 2025 WL 3512412, at *5.

## IV. CONCLUSION

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED IN PART**. To the extent that Petitioner requests to be released from custody, the Petition is **DENIED**. Accordingly, the Court further **ORDERS** as follows:

1. The Government is **ORDERED** to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) **within fourteen (14) days** of the entry of this Order, unless the noncitizen requests a continuance.
2. At the bond hearing, the non-citizen bears the burden of demonstrating, by a preponderance of the evidence, that they are not a danger to the community or a flight risk. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).
3. The Government **SHALL NOT** deny the noncitizen's bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.
4. If the noncitizen does not request a continuance, and no hearing occurs within fourteen (14) days of the entry of this Order, the noncitizen shall be released from Respondents' custody.
5. The Government **SHALL FILE** a status report **on or before August 18, 2026** indicating whether and when Petitioner received a bond hearing and the results of such hearing.
6. The Clerk of the Court is **DIRECTED** to close this case.

**IT IS SO ORDERED**.

DATE: July 29, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE